IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.  04-cv-02302-RPM

Kristine Rost, as parent and next friend of K.C., a minor,

       Plaintiff,

v.

STEAMBOAT SPRINGS RE-2 SCHOOL DISTRICT,
NICK MANGIONE, and
ALEX CHURCH,

       Defendants.

---

MEMORANDUM OPINION AND ORDER

---

    Kristine Rost brought this action on behalf of her minor daughter, K. C., for injuries alleged to be the result of sexual harassment, intimidation, threats, and coerced sexual acts by four teenaged boys while they and K. C. were students in a middle school and high school in Steamboat Springs RE-2 School District (District).

    When K. C. was three years old, she sustained brain damage as a result of a near drowning accident, resulting in severe cognitive dysfunction marked by significant impairments in conceptual reasoning ability, strategic thinking, mental flexibility and judgment.  Her world view is that of a seven or eight-year-old child.

    During the period of time relevant to this case, K. C. received special education services pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400, *et seq.*  She attended a public school in Grand Junction, Colorado and transferred to Steamboat Springs, enrolling as a seventh grade student at a middle school in August, 2000.

Ms. Rost took her daughter out of the District's high school immediately after January 16, 2003. K. C. was hospitalized at The Children's Hospital in Denver because of an acute psychotic disorder. She has required other hospitalizations and treatment and now lives in Illinois with her mother. It is assumed that her condition and treatment requirements are the result of the conduct of the four students named as individual defendants in this action. Two of the original defendants, Thomas Barnes and Stephen Thomas have been dismissed by stipulation.

The plaintiff seeks recovery of damages claiming liability of the District under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), as that statute has been interpreted by the United States Supreme Court in *Davis v. Monroe County Bd. Of Educ.,* 526 U.S. 629 (1999). Jurisdiction is found under 28 U.S.C. § § 1331 and 1343.

The Tenth Circuit Court of Appeals followed the *Davis* opinion in *Murrell v. School Dist.,* 186 F.3d 1238 (10th Cir. 1999) and identified four factors that must be alleged to state a claim of liability for student-on-student harassment. There must be a showing that a school district (1) had actual knowledge of, and (2) was deliberately indifferent to (3) harassment that was so severe, pervasive and objectively offensive that it (4) deprived the victim of access to the educational benefits or opportunities provided by the school. *Id.* at 1246. After completion of discovery, the District moved for summary judgment of dismissal of the Title IX claim asserting that the plaintiff does not have sufficient evidence to support the first and second elements of liability.

The first inquiry is the sufficiency of the plaintiff's evidence that the District had actual knowledge of the boys' behavior that can appropriately be characterized as severe, pervasive and objectively offensive sexual harassment. For this purpose, it is

assumed that each of the male students coerced K. C. to perform sexual acts by threats and intimidation, taking advantage of her vulnerability. The sexual acts were not on the school premises but it is also assumed that statements which could be construed by K. C. as threats and intimidation were made to her at the school and on a school bus.

Accepting the plaintiff's evidence as true, it appears that in the Spring of 2002, near the end of the second semester of the eighth grade year, Ms. Rost asked Margi Briggs-Cason, the middle school counselor, to talk with K. C. to find out what was bothering her because K. C. did not want to go to school. After repeated requests to Ms. Briggs-Cason did not result in any action by her, Ms. Rost complained to the middle school principal, Timothy Bishop, but she did not obtain any satisfaction. K. C. testified in a deposition that she told Ms. Briggs-Cason that the boys were bothering her and named the four boys who became defendants in this action. There is no evidence that K.C. described any conduct that was sexual in nature. She complained that she had been called "slow" and a "retard."

K. C. was enrolled in the ninth grade at the District's high school in the fall of 2002 and was placed in a special education class called Algeo-Concepts which met every other school day for 95 minutes. Defendant Thomas was also in that class. There were two other students, one male and one female in the class after the first month. Because of complaints about that class from her daughter, Ms. Rost met with the high school principal, David Schmidt, asking that K. C. be removed from that special education class because boys were bothering her and she was afraid to go to school. Of particular concern to Ms. Rost was the assignment of an aide to attend K. C.'s classes with her and assist her with school work which made K. C. stand out

3

and look different to other students.  The assignment to the Algeo-Concepts class was for assistance in mathematics.  As a result of Ms. Rost's complaint, it was agreed that the aide would sit in the back of the class instead of next to K. C.  Ms. Rost also told Mr. Schmidt that K. C. hated school and that boys were bothering her.

The first direct complaint of any sexual harassment was made on January 16, 2003, when K. C. met with her guidance counselor, Ann Boler.  Ms. Boler had arranged that meeting to discuss K. C.'s class schedule.  During that discussion, K. C. told Ms. Boler that Stephen Thomas had been calling her and bothering her by asking her for sexual favors.  Because neither the principal nor the vice principal were present in the building, Ms. Boler notified Jason Patrick, a Steamboat Springs police officer assigned to the District as the "school resource officer" about K. C.'s statement.

Officer Patrick immediately interviewed K. C. with Ms. Boler present.  In that interview on January 16, 2003, K. C. told Officer Patrick about the sexual acts she performed with the four boys.  K. C. described incidents that occurred in the summer of 2001 or during the eighth grade year when K. C. was 14 years old.  Stephen Thomas was also in eighth grade with K. C.; Alex Church and Thomas Barnes were in the seventh grade, and Nick Mangione was a ninth grade student.  K. C. said that she performed the sexual acts because the boys said they would show naked pictures of her and gossip about her at the school.  Officer Patrick immediately initiated a criminal investigation in his role as a police officer.  Upon learning of K. C.'s accusations, the high school principal decided to defer any action to the police investigation.  Officer Patrick promptly interviewed the four boys and other students.  The results of the

4

investigation were presented to the District Attorney who declined prosecution of any of the boys because of perceived difficulty in negating consent.

Ms. Rost first learned of what her daughter alleged about the sexual acts from Officer Patrick.  She removed K. C. from school immediately upon obtaining that information.  Ms. Rost also took her daughter out of Colorado and has placed her in special care programs.

This evidence is not sufficient to establish the first element of liability, actual knowledge of the District before January 16, 2003.  Upon learning of these sexual acts through Officer Patrick, the District acted appropriately in deferring the matter to law enforcement personnel and the District could do nothing for K. C. after she left school.  Thus, the plaintiff is unable to prove actual knowledge of liability creating conduct.  The plaintiff is also unable to show deliberate indifference to sexual harassment after obtaining actual knowledge of the boys' conduct.

Complaints that boys were "bothering her" are not the equivalent of complaints that K. C. was subject to such severe, pervasive and objectively offensive conduct as to constitute sexual harassment under Title IX, as interpreted.  Unlike the alleged facts in *Davis* and *Murrell* the sexual acts described did not take place on the school grounds or during school hours.

In retrospect, it is unfortunate that the eighth grade counselor did not follow through on Ms. Rost's requests to talk with K. C. to try to learn what had caused her to change her attitude about attending school.  It is uncertain that K. C. would have disclosed the boys' conduct, given her reluctance to talk about it even in her deposition.  It is also unclear what an appropriate response would have been other

than initiating the same criminal investigation that did occur in January, 2003, after K. C. Told Officer Patrick what had happened.  The days on which the sexual conduct occurred are not clear.  Apparently some acts took place during the summer of 2002.  In the absence of clear evidence that K. C.'s injuries resulted from sexual harassment after the statements to Ms. Briggs-Cason, it is speculation as to what may have occurred if she had made the requested inquiry.

At any rate, the duty of the District to take some action does not arise until some school official has actual knowledge of harassment.  There is no liability for a negligent failure to investigate such generalized and ambiguous complaints as those made by K. C. to Ms. Briggs-Cason or those made by Ms. Rost to Ms. Briggs-Cason, Mr. Bishop or Mr. Schmidt.  There is no evidence that she or any other school official saw or heard any sexual harassment by these four boys directed against K. C.  The District is not a substitute parent.  It has no authority to intervene in the lives of the students and their families outside of school hours and away from the school buildings.

The purpose of Title IX is the protection of an equal opportunity to obtain educational benefits or opportunities provided by public schools.  The Supreme Court in *Davis* recognized that sexual harassment by fellow students may interfere with that opportunity but restricted liability to those cases where school authorities are in a position to prevent it and then fail to do so because of deliberate indifference to known conduct.  The deliberate indifference standard is well established in other areas of the law, particularly with regard to the protection of prisoners with known medical needs or known risks of violent behavior by fellow prisoners under the Eighth Amendment.  *Estelle v. Gamble,* 429 U.S. 97 (1976).  While comparison of prisons with schools is not

6

apt, the legal standard of care is, in this regard, the same.  A negligent failure to act is not deliberate indifference.

The plaintiff also claims liability of the District for sexual harassment under the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. § 1983.  That requires a showing that the District had a policy or practice that was discriminatory.  The plaintiff alleges that the District failed to enforce its written policy prohibiting student-on-student harassment.  The evidence proffered by the plaintiff is not sufficient.  There is a showing of one incident involving male basketball players dragging a female student into the boys' locker room with inappropriate touching.  The response was a referral to the Steamboat Springs Police Department.  Additionally, one of the defendants, Nick Mangione, had been disciplined for sexual harassment in May, 2000.  The deposition testimony of the high school principal, Dave Schmidt, concerning training and response to complaints of sexual harassment, including a student survey in the spring of 2001, which has not been contradicted is sufficient to deny the claim that there was such pervasive student-on-student sexual harassment as to constitute a policy or a custom of toleration by the District.

The plaintiff also asserts a danger creation theory for liability under 42 U.S.C. § 1983 but has no evidence to support that claim.  That contention is based on placement of K. C. in the Algeo-Concepts class.  She and the three other students in the class were there because they required assistance because of their special needs.  The plaintiff has produced no evidence of any apparent danger to K. C. in that class other than the presence of Steven Thomas in it and there is no evidence that the teacher or teacher's aide had any knowledge of his actions outside of the class.

7

The federal claims in this case against the District will be dismissed with judgment for the District to be entered pursuant to Fed.R.Civ.P. 56.

The plaintiff has asserted state common law claims against the individual defendants for which this Court has only supplemental jurisdiction under 28 U.S.C. § 1367. Although the plaintiff is now a resident of Illinois, she was a Colorado citizen when the complaint in this case was filed. There is, therefore, no jurisdiction under 28 U.S.C. § 1332 and none has been alleged. Since the federal claims have now been dismissed, the exercise of supplemental jurisdiction would be inappropriate and therefore judgment will enter for the remaining individual defendants dismissing those claims without prejudice.

Upon the foregoing, it is

ORDERED that judgment enter for the defendant Steamboat Springs RE-2 School District, dismissing all of the plaintiff's claims and it is

FURTHER ORDERED, that the plaintiff's claims against the individual defendants are dismissed without prejudice for lack of subject matter jurisdiction.

DATED: November 9th , 2006

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge